IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 1:25-cr-04148-MLG |
| | ) | |
| LUCAS GOMEZ-LOPEZ, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' SENTENCING MEMORANDUM**

Application of the relevant sentencing factors under 18 U.S.C. § 3553 leads the United

States to conclude that a sentence within the guideline range of 15 to 21 months imprisonment is

appropriate. The United States respectfully urges the Court to conclude the same.

**FACTS**

The United States accepts as accurate and relevant the facts in the case as outlined by the

Pre-Sentence Report writer.

**PROCEDURAL BACKGROUND**

On October 7, 2025, a two-count indictment was filed in United States District Court,

District of New Mexico, charging the defendant, Lucas Gomez-Lopez, with Alien in Possession

of a Firearm, and Re-entry of a Removed Alien. The offense occurred on August 18, 2024, in

Santa Fe County. On March 18, 2026, the defendant pled guilty to Re-entry of a Removed Alien,

in violation of 8 U.S.C. §§ 1326(a) and (b).

## RECOMMENDED SENTENCE

The Guidelines are not the ending point in the sentencing analysis; they are merely one factor for the Court to consider in fashioning a sentence that is "sufficient, but not greater than necessary," to achieve the sentencing goals of 18 U.S.C. § 3553. Pursuant to this section, judges must consider certain factors when imposing a sentence. A reasonable sentence is one that "reflect[s] the seriousness of the offense, promote[s] respect for the law, provide[s] just punishment, afford[s] adequate deterrence to criminal conduct" and protect[s] the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(B), (C); *see also,* United States v. Booker, 543 U.S. 220 (2005). The sentence should "avoid[] unwarranted sentence disparities among defendants who have been found guilty of similar conduct." Based on these factors, a sentence in the range of 15 to 21 months of imprisonment is appropriate.

## NATURE AND CIRCUMSTANCES OF THE OFFENSE

The offense to which Defendant plead guilty and is being sentenced is a non-violent offense. While Defendant did possess and discharge a firearm in this case, it is important to recognize that Defendant did so in self-defense. Defendant was originally charged with murder in State District Court by the First Judicial District Attorney's Office. This charge was later reduced to shooting from a motor vehicle. Ultimately that Office determined, correctly, that Defendant acted in self-defense, and subsequently filed a *nolle prosecui* in the case. The United States does not believe it could prove, at trial, that Defendant possessed the handgun in this case *other than* at the moment he did so *and* in necessary self-defense.

### HISTORY AND CHARACTERISTICS OF THE DEFENDANT

The United States accepts as accurate Defendant's criminal history as catalogued in the Pre-Sentence Report, ¶¶ 27-37. The United States requests that he be sentenced as a criminal history category II offender, as recommended in the Pre-Sentence Report (¶ 29).

### PROMOTE RESPECT FOR THE LAW

Defendant's failure to comply with conditions of release/supervision, including committing new criminal offenses, in his previous cases demonstrate a lack of respect for the law and the judicial process. Because he has failed to avail himself of opportunities previously given when he was not in custody, a term of imprisonment, within his range, is warranted in this case.

### DETER CIMINAL CONDUCT

Previous attempts, short of incarceration, to deter Defendant from re-offending have failed. A sentence of imprisonment is the only deterrent about which we can be confident: separating Defendant from society.

### AVOID UNWARRANTED SENTENCING DISPARITIES

A sentence within the applicable guideline range is the best approach to preventing unwarranted sentencing disparities between similarly situated defendants. The imprisonment range is 15 to 21 months for a defendant who has this criminal history category and who has committed the offense for which he is being sentenced, and the United States is not asking the Court to sentence Defendant outside of this range.

## **CONCLUSION**

A sentence of 15-21 months imprisonment will be sufficient, but not greater than necessary, to reflect the seriousness of the offense with which the defendant stands convicted. This sentence will promote respect for the law and attempt to provide just punishment for the offense. Any lesser sentence will fail to provide adequate deterrence to the potential future conduct of the defendant or others. Furthermore, a sentence of 15-21 months imprisonment is necessary to protect the public from further crimes of the defendant. The filing of this document in CM/ECF caused a copy to be served electronically on Irma Rivas, Esq., counsel for the defendant.

Respectfully submitted,

RYAN ELLISON
First Assistant United States Attorney

*/s/ Chris Schultz*
CHRIS SCHULTZ
Assistant United States Attorney
201 Third Street NW, Suite 900
Albuquerque, New Mexico 87102
505-224-1503
Chris.Schultz@usdoj.gov

I HEREBY CERTIFY that on June 10, 2026
I filed the foregoing pleading electronically
through the CM/ECF system, which caused
all parties and counsel of record to be served,
as more fully reflected on the Notice of
Electronic Filing.

*/s/ Chris Schultz*
CHRIS SHULTZ
Assistant United States Attorney