IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

    vs.                                  No. 1:25-CR-04148-MLG

LUCAS GOMEZ-LOPEZ,

      Defendant.

**SENTENCING MEMORANDUM
ON BEHALF OF LUCAS GOMEZ-LOPEZ**

Lucas Gomez-Lopez, through counsel, submits this memorandum for consideration at sentencing. Mr. Gomez-Lopez requests a sentence of time served, or twenty (20) months and eight (8) days. The applicable sentencing range is eighteen fifteen (15) to twenty-one (21) months based on an Offense Level of 13 and a criminal history category of II.

      **i.**      **The nature and circumstances of the offense and the history and characteristics of the defendant.**

Mr. Gomez-Lopez asks for a sentence of time served.

Mr. Gomez Lopez had a good, stable, family life. He lived with his wife Martha, her children, grandchildren and nieces and nephews. Lucas worked for a living to support himself and his family. He enjoyed his life and he was stable. He attended church with his family.

Then, he became a drug addict. He wishes he had not become an addict and cannot understand why he would begin the use. He feels that maybe it was depression. His drug use led to fights with his family, with his wife. He began to see other women. He came and went from his family home. This addiction lead to an unstable life and to danger. Without looking to hurt

anyone, on the date of this incident Mr. Gomez-Lopez reacted, in an instant to save his own life.

> **ii.    The need for the sentence to be imposed, to reflect the seriousness of the offense, to promote just punishment, to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant.**

This charge for which the Court will be sentencing him is a non-violent, status crime and twenty (20) months and eight (8) days is a significant sentence for such crime that does already consider his prior history when determining the proper range.

Mr. Gomez-Lopez will suffer an additional punishment because he will be deported when he completes this sentence. The detainer is verified and described on the cover sheet of the presentence investigation report.

He is forty (40) years old now and he finds that it is time to get his life in order. He will return to Mexico. When there, he intends to find work. He also intends to be with his family, which includes his mother and his brothers and sisters. In his own words, he intends to "vivir como la gente" (to live like decent people)." He describe life with other drug addicts as pointless ("no tiene caso") and has no future ("no tiene futuro"). Living on the streets is tiresome and frustrating. He does not want to return to it. He has every intention to avoid drug use, avoid the life that comes with it and return to the comfort of his family.

When he returns to his family intends to maintain his sobriety. He wants to be a better example to his nieces and nephews. He would hate his nieces and nephews to think that drug use is a normal way to live. He intends to maintain his sobriety. He intends to find work. He cannot live a better, different, life without making better and different choices.

**iii.      To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

Despite the limited access to classes or treatment at the Cibola County Correctional Center in Milan, New Mexico, Mr. Gomez-Lopez was able to receive a certificate.[1]

At Bureau of Prisons though, Mr. Gomez-Lopez will not have the opportunity to receive education or training available to other inmates serving time in the Bureau of Prisons. The Immigration detainer placed on him will prevent him from entering and/or completing such programs. Even should he be able to convince the administration at his BOP facility to allow him to enter a program, he will likely not be able to receive any additional meritorious credit taken from his sentence. The First Step Act specifically excludes persons with immigration detainers from receiving additional merit deductions.[2] Therefore, additional time in custody serves little if any rehabilitation purpose. He asks that the Court consider that a time-served sentence is sufficiently deterrent and will promote respect for the law.

**iv.      The kinds of sentence and sentencing range established and the need to avoid unwarranted sentence disparities among defendants.**

Lucas respectfully requests a sentence of time served, which is above the sentence of others similarly situated relative to their criminal history and offense level. The requested sentence does not create an unwarranted sentencing disparity.

He also asks no period of supervised release be ordered per U.S.S.G. §5D1.1(c), which

---

[1] Please find Certificate of Completion of the Univex Food Prep Equipment Course attached as Exhibit A.

[2] 18 U.S.C.A. § 3632(E) "Deportable prisoners ineligible to apply time credits, (i) In general: A prisoner is ineligible to apply time credits under paragraph (C) if the prisoner is the subject of a final order of removal…"

states that "the court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment."

Lucas respectfully requests that the Court grant his request for a sentence of eighteen (18) months and the Court find that the requested sentence is sufficient but not greater than necessary to comply with the purposes and goals of sentencing per 18 U.S.C. 3553(a)(1-7), without being greater than necessary.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489


 /s/  *filed electronically*       .
IRMA RIVAS, AFPD
Attorney for LUCAS GOMEZ-LOPEZ

4